## SOUTH BRUNSWICK v. CRANBURY.

An order for removal, not appealed from, is conclusive as to the settlement of a poor person, not only on the townships in the litigation, but as a defence to another township when application is made and proceedings taken to charge it with the support of such poor person, if no subsequent legal settlement has been acquired.

On *certiorari* to the Court of General Quarter Sessions of Middlesex county.

Argued at June Term, 1890, before Justices DEPUE, VAN SYCKEL and SCUDDER.

For the plaintiff, *John S. Voorhees.*

For the defendant, *A. V. Schenck.*

The opinion of the court was delivered by

SCUDDER, J.   Upon application made to the overseer of the poor of South Brunswick township for relief, in behalf of Georgiana MacIntyre and Elizabeth MacIntyre, two poor children, aged two years and four months, respectively, two several orders of removal were made by a justice of the peace of the county of Middlesex, under the statute, removing them to the township of Cranbury.   On appeal to the Court of Quarter Sessions these orders were reversed, and the determination of that court is brought here by *certiorari.*

The facts certified show that the children were born in :South Brunswick, but their mother's settlement, before her marriage, was in Cranbury township, following the legal settlement of her mother. The father of the children was living ·in this state, but it did not appear where his legal settlement was, if he had any. Upon these facts, the justice made the ·orders of removal to Cranbury township.

On the trial of the appeal it appeared that an order of removal had been made, on January 22d, 1885, by a justice of the peace of Middlesex county, removing Amanda MacIntyre, the mother, from the township of Cranbury to the township of Bordentown, in the county of Burlington, upon the ex-.amination in writing, under oath, of said Amanda and her husband, George MacIntyre; that this order of removal, together with a copy of the evidence on which the adjudication was made thereto attached, was duly served by the over-·seer of the poor of the township of Cranbury on the overseer of the poor of the township of Bordentown; that this last named order of removal had not been appealed from, nor in any way abandoned, but that the same remained in full force and effect. This order of removal, with the examination of witnesses on which it was based, was received in evidence, objection being made thereto by the appellee. It was also proved, by the appellant, that a written notice of the overseer of the poor of the township of Cranbury to the overseer of the poor of the township of Bordentown, to take care of the said Amanda MacIntyre, she then being sick and not able to be removed, had been duly served with the last named order of removal. Like objection was made to this testimony by the appellee.

The affidavit of George MacIntyre, the father of these children, shows that he was born at White Hill, in the township of Bordentown, and it does not appear that he ever afterwards .acquired any other legal· settlement. Upon this appearing, the wife's settlement followed his, and showed that if she had had a legal settlement by birth in Cranbury, it was changed by her marriage to that of her husband in Bordentown. The

two children, born subsequently in South Brunswick township, where they then lived, were born in lawful marriage, and would take the father's settlement. There is no evidence that he ever acquired any other settlement than that which appeared in his affidavit.

The single question presented by the return of these facts is, whether there was legal proof before the Quarter Sessions that the mother's settlement, following that of the father of these children, was not in Cranbury township, but in Bordentown township? This is determined by finding what effect this prior order of removal can have as evidence in this cause. It is a final judgment between the parties to it, because never resisted nor appealed from. Being in the regular statutory form, it is conclusive as to the settlement of the mother, until another settlement is acquired by her, so far as the parties to that proceeding are concerned over which the justice had jurisdiction. Under the usual rule of evidence it would not be admissible, nor have any legal effect as to those who were not parties, and could not be heard. But there is an apparent exception to the rule, that there must be an identity of parties to render a judgment, or order of a court, admissible.

It is allowed in cases called proceedings *in rem*, which include decisions of other courts directly upon the personal *status* or relations of a party, such as marriage, divorce, bastardy, settlement and the like.

It is put mainly on the ground of public policy that the domestic and social relations should be defined and settled. 1 *Greenl. Ev.*, § 525. Beyond this legal effect of determining merely the *status* of the parties the law applies, as in other judicial proceedings, that a judgment is not evidence in another suit, except in cases in which the same parties, or their privies, are litigating in regard to the same subject of controversy. *Burlew* v. *Shannon*, 3 *Gray* 389.

In *Elizabeth* v. *Westfield*, 2 *Halst.* 439, an order of removal made by justices in another state (New York), removing the pauper to Westfield, was held conclusive against that township. In *Little Falls* v. *Bernards*, 15 *Vroom* 621, proceedings

were had for removal between Bedminster and Bernards townships. An order was made against Bernards. This order was unappealed from, and on subsequent application by Bernards to have the same persons charged upon Little Falls, it was held that such order of removal not only binds the immediate parties to the litigation as to each other, but is conclusive as to all the facts found, or necessary to be found, in support of such judgment, upon all parties subject to the jurisdiction of the court rendering the judgment. The court having found, as a fact, that there has been no abandonment of the order of removal, but that the same remains in full force and effect, there would appear to be no reason for permitting the township of South Brunswick to litigate this question with the township of Cranbury, when the settlement of the mother of these children, based on the settlement of their father, has been already determined to be in the township of Bordentown, unless it be shown that there has been a subsequently acquired settlement in Cranbury. None such is shown. By the facts, as they appear before us, the township of South Brunswick had a direct and conclusive remedy for relief against the township of Bordentown, and having such remedy, it was a legal defence to the township of Cranbury, which has already, by the appointed legal method, fixed the settlement of these poor persons, not merely for its own protection, but for all others who might be burdened by their support.

The amount of charges imposed by the Court of Quarter Sessions, and the costs taxed, are matters to be adjusted in that court, and not upon *certiorari* to this court. The record will be remitted, and the judgment of the Quarter Sessions affirmed.